# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RAFAEL TORRES,

        Plaintiff(s),

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

        Defendant(s).

2:13-CV-554 JCM (VCF)

# ORDER

Presently before the court is defendant Federal National Mortgage Association's motion to dismiss. (Doc. # 6). *Pro se* plaintiff Rafael Torres filed a response in opposition (doc. # 8), and defendant filed a reply (doc. # 10).

Also before the court is defendant's motion to expunge lis pendens. (Doc. # 7).

**I.**    **Background**

This case is a mortgage related case. Additionally, the complaint is a variation of a form complaint currently serving as the basis of many *pro se* mortgage complaints in this district.[1]

Plaintiff is the owner of real property located at 4203 Macadamia Drive, Las Vegas, Nevada.

---

[1] *See, e.g., Beebe v. Fed. Nat'l Mortg. Assoc.*, no. 2:13-cv-311-JCM-GWF; *Burd v. Countrywide Secs.*, no. 2:13-cv-338-MMD-VCF; *Burd v. J.P. Morgan Chase*, no. 2:13-cv-337-JCM-PAL; *Duenas v. Bank of Am.*, no. 2:13-cv-354-GMN-CWH; *Salinas v. Fed. Nat'l. Mortg. Assoc.*, no. 2:13-cv-407-JCM-GWF; *Santivanes v. Bank of New York Mellon*, no.2:13-cv-00299-cv-GWF. There are more cases filed by *pro se* plaintiffs utilizing the same form complaint as the plaintiff in this case. However, the court finds that the above list of six cases is sufficiently exemplary.

**James C. Mahan**
**U.S. District Judge**

1  Plaintiff purchased the property via a grant, bargain, and sale deed.[2] Plaintiff purchased the property
2  by obtaining two loans from KB Home Mortgage Company on March 7, 2005. The first loan, the
3  senior deed of trust, was in the amount of $195,650. The second loan, the junior deed of trust, was
4  in the amount of $36,685. Both deeds of trust list Mortgage Electronic Registration Systems, Inc.
5  ("MERS") as the beneficiary and nominee of the lender.

6  On February 15, 2012, MERS assigned the senior deed of trust to Bank of America. On
7  March 2, 2012, MERS assigned the junior deed of trust to Bank of America.

8  Plaintiff filed the instant form complaint in this court against defendant. The complaint
9  contains only eight short paragraphs and does not contain any specific facts or enumerated causes
10 of action. The court construes the causes of action as quiet title and challenging the securitization
11 and assignment of the note.

## II. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.

---

[2] The court judicially recognizes the grant, bargain, and sale deed, the junior and senior deeds of trust, and the assignments of the deed of trust. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

James C. Mahan
U.S. District Judge

- 2 -

1  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
2  suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint
3  allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's
4  complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
5  liable for the alleged misconduct. *Id*. at 1949.

6  Where the complaint does not "permit the court to infer more than the mere possibility of
7  misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."
8  *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not
9  crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550
10 U.S. at 570.

11 The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
12 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
13 allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
14 but must contain sufficient allegations of underlying facts to give fair notice and to enable the
15 opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
16 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
17 be subjected to the expense of discovery and continued litigation." *Id.*

18 **III.    Discussion**

19 As an initial matter, the court acknowledges that the complaint was filed *pro se*. (*See* doc.
20 # 1, ex. A). Documents filed *pro se* are held to less stringent standards. *Erickson v. Pardus*, 551
21 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint,
22 however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted
23 by lawyers.") (internal quotations and citations omitted). However, "pro se litigants in the ordinary
24 civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v.*
25 *Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

26 A.      *Securitization*

27 "Since the securitization merely creates a separate contract, district from plaintiffs' debt
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  obligations under the note and does not change the relationship of the parties in any way, plaintiffs'
2  claims arising out of the securitization fail." *Reyes v. GMAC Mortg. LLC*, no. 2:11-cv-100-JCM-
3  RJJ, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011).  The securitization argument has been
4  repeatedly rejected by this district because it does not alter or change the legal beneficiary's standing
5  to enforce the deed of trust.  The plaintiff's securitization challenge fails to state a claim and is
6  dismissed.

   B.   *Quiet Title*

Plaintiff appears to assert a claim to quiet title. "A trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Lopez v. Bank of America, N.A.*, 2:12-cv-801-JCM-CWH, 2013 WL 1501449, at *3 (D. Nev. April 10, 2013) (applying Nevada law). "The purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein." *Id.*  In a quiet title action, the burden of proof rests with the plaintiff to provide good title in himself. *Id.* (citing *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996)).

First, plaintiff has not alleged that he has free and clear title to the property.  Second, plaintiff has not alleged any adverse interest he is seeking to quiet.  A lien against plaintiff's property, held as security by defendant or anyone else, is not an interest adverse to plaintiff's own.  Both interests may exist in harmony, for one is a present interest and one is a future interest.  For a plaintiff to quiet title, the plaintiff must show both that he holds good title to the property in question and that defendant is making a claim adverse to his interest. Plaintiff fails to plead either; therefore, he is not entitled to such relief.

   C.   *Lis Pendens*

Plaintiff has failed to state a cause of action.  Therefore, the lis pendens recorded by plaintiff must be expunged pursuant to NRS 14.015(2) and (3).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Federal National Mortgage Association's motion to dismiss (doc. # 6) be, and the same hereby, is GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (doc. # 7) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment and close the case.

DATED July 23, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**